IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TANIA MARTINEZ | § | |
| | § | |
| v. | § | Civil Action No: 3:25-cv-00108 |
| | § | |
| FIFTH THIRD BANK, N.A. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tania Martinez, Plaintiff herein, filing this her First Amended Complaint complaining of Fifth Third Bank, N.A., Defendant herein, and for causes of action would respectfully show the Court as follows:

## RELEVANT FACTS

1. The subject matter of this lawsuit is the real property and the improvements thereon located at 2843 Elia Lane, League City, TX 77573 (the "Property").

2. Emanuel Jones ("Plaintiff") purchased the Property on or about February 28, 2018. During this process, Plaintiff executed a Note ("Note") as well as a Deed of Trust (the "Deed of Trust") in which Fifth Third Bank, N.A. is listed as the Lender.

3. Plaintiff was very consistent about paying his mortgage; however, due to the rising cost of inflation, Plaintiff began to have financial difficulties in April 2024. He immediately called Defendant to inform them of the circumstances and obtain financial help. Defendant informed him that because his loan was a federally backed loan, he was eligible for relief programs such as forbearance. Without explaining in detail how a forbearance works, and

without offering any other relief programs such as loan modification, Defendant immediately put him into a 12-month forbearance program.

4.    More importantly, while informing Plaintiff that his loan would be put into forbearance, they DID NOT explain to him what would happen at the end of the forbearance period. They simply told him that he would be able to resume his mortgage payments once the forbearance expired. In fact, the specifically informed him that he would not need to submit a large lump sum payment at the end of the forbearance.

5.    Accordingly, Plaintiff agreed and the forbearance was initiated in June 2024 and was scheduled to end in December 2024. In December 2024, the same month the forbearance was scheduled to end, Plaintiff received correspondence form Defendant informing him that his forbearance had finished and that he needed to contact them to complete the next steps of the loss mitigation process. He contacted Defendant and was told that in order to resume his mortgage payments as he had been told he could when the forbearance was offered, he needed to first submit a lump sum payment equal to the mortgage payments that were deferred during his forbearance. Obviously, Plaintiff was shocked because he was not prepared or able to submit such a payment as that was not what he was originally told by Defendant.

6.    Not being able to submit the lump sum payment, Defendant then informed Plaintiff that he would need to submit a loan modification so he could resume payments. He complied; however, he did not understand, because it was never explained, why he needed to be reviewed for a loan modification. Plaintiff stayed in touch with Defendant over the next month or so and ultimately told over the phone that he had been denied for the modification; however, no formal denial was ever provided to Plaintiff which is a direct violation of the Real Estate Settlement Procedures Act ("RESPA").

7.      Plaintiff felt lied to.  He was confused as to why he was told he could resume his mortgage payments upon expiration of the forbearance if he first had to either pay a large lump sum payment OR qualify for a loan modification.  Defendant's failure to explain the process for getting out of forbearance as well as their lack of diligence to provide a relief program that would actually allow Plaintiff to keep his Property is shocking to say the least.

8.      Plaintiff was informed by Defendant that his loan was being place into foreclosure and his Property would soon be posted to a coming foreclosure sale; however, Plaintiff never received any notice of default allowing him time to cure the alleged default, notice of acceleration, and notice of foreclosure sale.  Plaintiff only learned that his Property had been posted for the April 1, 2025 foreclosure sale via the numerous advertisements from investors offering to help him save his home.   Apparently, Defendant posted his Property for the foreclosure sale in violation of the Texas Property Code's notice requirements as well as the Deed of Trust and Plaintiff's due process rights.

## CLAIMS

## AGENCY & RESPONDEAT SUPERIOR

10.     Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, affiliated entities, and/or previous owners of the Note, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, representatives of Defendant's affiliated entities, and previous

owners of the Note by virtue of respondeat superior, apparent authority, and estoppel doctrines.

## FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

11. To the extent not inconsistent herewith, Emanuel Jones ("Plaintiff") incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

12. The actions committed by Fifth Third Bank, N.A. ("Defendant") constitute breach of contract because:

    A. There exists a valid, enforceable contract between Plaintiff and Defendant – the Deed of Trust;

    B. Plaintiff, being a party to that contract, has standing to sue for breach of contract;

    C. Plaintiff performed, tendered performance, or was excused from performing his contractual obligations;

    D. Defendant breached the contract by failing to comply with section 22, which incorporates the Texas Property Code's default and foreclosure notice requirements into the Deed of Trust as well as notice requirements for acceleration; and

    E. The breach of contract by Defendant caused Plaintiff's injury – loss equity, loss of reputation, loss of time, loss of health due to loss of sleep, emotional distress, and attorney fees.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE

13. To the extent not inconsistent herewith, Joseph Isla ("Plaintiff") incorporates by reference the allegations made in paragraphs 1 through 17 as if set forth fully herein.

14. A negligent tort refers to a legal claim or lawsuit brought against an individual or entity for causing harm or injury to another person due to their negligent behavior. Negligence is a legal concept that arises when a person fails to exercise reasonable care—care that a reasonable person would take—resulting in harm or injury to someone else. To establish a claim of negligent tort, the following elements generally need to be proven:

    a. Duty of care: The defendant must owe a duty of care to the plaintiff. This duty of care typically arises from the general expectation that individuals should act reasonably and avoid causing harm to others.

    b. Breach of duty: The defendant must have breached their duty of care by failing to act reasonably or by engaging in conduct that falls below the expected standard of care.

    c. Causation: The defendant's breach of duty must have been the direct cause of the plaintiff's injuries or harm. This element requires demonstrating that the harm suffered was a reasonably foreseeable consequence of the defendant's actions or omissions.

    d. Damages: The plaintiff must have suffered actual damages or injuries as a result of the defendant's negligence. These damages can be physical, emotional, or financial in nature.

Here:

    a. Defendant, being the Plaintiff's lender, and holding knowledge of fact/lender procedure that Defendant has no way of verifying independently from Defendant, has duty to take reasonable care when providing that material information to a Plaintiff/borrower because Plaintiff/borrower is, thus, reliant

      a. on that information and within what a reasonable person would expect to be able to rely on.

      b. Defendant breached that duty by providing inaccurate information regarding the forbearance process and the requirements Defendant would require BEFORE Plaintiff could resume mortgage payments – which ultimately resulted in Plaintiff's Property being posted for a foreclosure sale;

      c. That breach prevented Plaintiff from taking alternate action to prevent/cure the alleged default by paying the reinstatement (or taking other action such filing a lawsuit). A borrower taking action, or in this case, inaction, based on crucial, material information presented by Defendant/lender to Plaintiff/borrower, which Plaintiff/borrow has no way of verifying independently from Defendant/lender, that could lead to the loss or preservation of Plaintiff/borrower's home, is clearly a foreseeable consequence.

      d. Plaintiff has now lost valuable equity in her home, obtained damage to her reputation, accumulated late fees and default fees, lost time, lost sleep, emotional distress, and attorney fees in the amount of $7,000.00 to protect their home.

## DAMAGES:
### ACTUAL DAMAGES

15. Plaintiff is entitled to recover his actual damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

### EXEMPLARY DAMAGES

16. Plaintiff is entitled to recover his exemplary damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## ATTORNEYS' FEES

17. Plaintiff was forced to employ the undersigned attorneys to represent his and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover his reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

18. All conditions precedent to the Plaintiff's right to bring these causes of action have been performed, have occurred, or have been waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that upon final hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendant for his actual damages, exemplary damages, reasonable attorneys' fees, all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully Submitted by,

**Law Office of Erick DeLaRue, PLLC**

By: __/s/ Erick DeLaRue__
**ERICK DELARUE**
Texas Bar No: 24103505
2800 Post Oak Boulevard, Suite 4100
Houston, TX 77056
Telephone: 713-899-6727
Email: erick.delarue@delaruelaw.com

**ATTORNEY FOR PLAINTIFF**